IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **PETER M. FLORES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-0510-CV-W-RED-SSA |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

NOW before the Court is the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 4), and the Suggestions in Opposition to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 5). The time for a reply by the Defendant has expired and no reply was filed. As the Court will consider material outside of the pleadings to this case, Defendant's Motion is converted from a 12 (b)(6) Motion to Dismiss to a Rule 56 Motion for Summary Judgment. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cor. 1992) (holding that a Motion to Dismiss must be treated as a Motion for Summary Judgment when matters outside the pleadings are presented and considered by the court.)

The Social Security Act establishes a mechanism for judicial review of final administrative decisions. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)).

The promulgated regulations, however, are more lenient and provide that a civil action must

be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision."); *Caran v. Bowen,* 834 F.2d 720, 721 (8th Cir.1987) (per curiam). The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual. *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. §§ 404.1715(b), 416.1515(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.").

Plaintiff argues that he did not receive the initial notice sent on December 18, 2004. Plaintiff called the Social Security Administration at some time between December 18, 2004 and April of 2005. During this call, Plaintiff was informed that his decision from the Appeals Council was mailed on December 18, 2004 and was unfavorable. Plaintiff called the attorney who had represented him on his initial application. Plaintiff's attorney also called Social Security and was given the same information as Plaintiff. Plaintiff's attorney requested that the notice of the Appeals Council's decision be re-mailed to Plaintiff. On or around April 14, 2005, Plaintiff claims he received the Notice.

The only evidence that Plaintiff submits to support this claim is his affidavit and the affidavit of his attorney. These affidavits are almost identical, and state that Plaintiff "recently called Social Security and was told that an unfavorable decision had been made in December, but he had not

2

received a copy of that decision." This bare assertion however, is not the type of "reasonable showing" contemplated by the applicable regulation. 20 C.F.R. § 422.210(c); *see, e.g., McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir.1987) (agreeing that the plaintiff failed to rebut the five-day presumption where his only evidence consisted of statements by himself and his attorney denying that they received notice within the five-day period); *Roberts v. Shalala,* 848 F.Supp. 1008, 1012 (M.D. Ga.1994) (concluding that the plaintiff failed to rebut the presumption where the plaintiff testified in court that she did not know when she received the notice and the affidavits she submitted "deal[t] only with possibilities and speculations as to dates and actions . . ."); *Leslie v. Bowen,* 695 F. Supp. 504, 506 (D. Kan.1988) ("This court agrees the rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary."); *Rouse v. Harris,* 482 F. Supp. 766, 769 (D.N.J.1980) ("Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision."); *Marte v. Apfel,* 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) ("[A] plaintiff must do more than merely assert that he did not receive the notice within five days. . . .. Rather, a plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." (citations omitted)); *see also Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984) (finding that the plaintiff rebutted the five-day presumption where the evidence indicated that the notice was not even mailed until seven days after the date of the notice); *Gibbs v. Harris,* 501 F.

Supp. 124, 125 (D. Md.1980), *aff'd,* 665 F.2d 1039 (4th Cir.1981) (concluding that the plaintiff made a "reasonable showing to the contrary" where the agency's files indicated that the plaintiff had never received the notice); *Chiappa v. Califano,* 480 F. Supp. 856, 857 (S.D.N.Y.1979) (finding that the plaintiff overcame the presumption where the plaintiff had sold the house to which the notice was sent, the notice itself was marked with the date it was received, and the letter carrier who personally delivered the notice confirmed the plaintiff's assertion as to when the notice was received).

Plaintiff clearly has not met the reasonable showing standard to demonstrate that the presumptive receipt date should not set the limitation period for Plaintiff to make his appeal to this court. Accordingly, allowing five days for presumptive receipt of the December 18, 2004, notice, the deadline for Plaintiff to commence his civil action was February 21, 2005. Plaintiff did not file his Complaint in this case until June 3, 2005. Moreover, equitable tolling is not appropriate in this case as it is not a case involving "misleading or fraudulent conduct by someone other than the claimant." *Turner v. Bower*, 862 F.2d 708 (8th Cir. 1988).

This Complaint is not timely. Therefore, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 4) is hereby **GRANTED**. Summary Judgment is hereby entered in favor of Defendant.

**IT IS SO ORDERED.**

DATE: August 16, 2005   */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT